IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MILLER,                         )
                                        )
        Plaintiff,                      )
                           v.           )        Civil No. 3:22-cv-00142
                                        )        Judge Stephanie Haines
HF LENZ COMMPANY                        )
                                        )
        Defendants.                     )

## OPINION

Plaintiff, Michael Miller ("Miller"), proceeding *pro se*, files this civil action (Complaint, ECF No. 1) against Defendant HF Lenz, alleging employment discrimination. Presently, before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 7) Miller's Complaint. Defendant's Motion to Dismiss contains additional and alternative arguments in the form of a Motion to Strike and Motion for a More Definite Statement. Miller filed a Response to the Motion to Dismiss (ECF Nos. 11, 12), which included in his words, "a more definitive statement." Miller also filed an Addendum (ECF No. 13), that Miller states contains additional information to bolster his "more definitive statement." HF Lenz filed a Reply (ECF No. 14). The matter is ripe for disposition.

### I. Factual Background

Miller filed a form Complaint attaching 3 exhibits and 2 supplements. The first exhibit is the Appeals Referee Decision in Miller's Unemployment Compensation case finding in favor of Miller (ECF No. 1-2); the second attachment is the U.S. Equal Employment Opportunity Commission ("EEOC") letter and Notice of Right to Sue (ECF No. 1-3);[1] and the third exhibit is

---

[1] This letter states, "The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge… This is the official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90

blank (ECF No. 1-4). Miller's supplement (ECF No. 1-5) is a partial overview of facts and allegations that provides some detail about his work conditions at HF Lenz.[2] The last "supplement" is a duplicate of the complaint forms (ECF No. 1-6).

Miller claims that for the last 27 of his 32 years up to and including March 3, 2022, the date of his termination, he suffered employment discrimination at HF Lenz Company where he worked as the Corporate Team Supervisor and Fire Protection Engineer. ECF No. 1, ¶ 5. He states that HF Lenz caused him severe mental and physical trauma for three decades through harassment, abuse, retaliation, and unrealistic workload. ECF No. 1, ¶ 11. He also states that he is a recovering alcoholic who celebrates 16 years of sobriety, but suffers from severe anxiety and depression.

In March 1996, Miller applied for a Spec Department position and was made Corporate Team Supervisor. ECF No. 1-5, p. 1. In this position, Miller worked under three managers, Richard A. Madzar, William McGhee, and Paul Petrilli who were demeaning, overly demanding, abusive, and caused him fear. ECF No. 1-5, p. 1. Miller claims these three men created a culture of fear and toxicity in the workplace. *Id.* He also claims the Board Members supported the abuse inflicted by Madzar, McGhee, and Petrilli. *Id.* Miller's Supplement provides bullet-points of the described treatment, including quoted statements such as "If that is all you have to contribute get the F… out of here," and "D minus is the best you can ever do." ECF No. 1-5, p. 2. The bullet points also provide named witnesses to the alleged harassment Miller endured. *Id.*

Miller was the only Fire Protection Engineer at HF Lenz and was required to work seven days a week, 15 hours a day. *Id.* at 4. He states he was never able to take paid time off and worked

---

DAYS of your receipt of this notice…" ECF No. 1-3, p. 1. The Court has no information when the notice was received by Miller.

[2] At the outset of this Supplement, Miller asks if the Court thinks he can win his case without an attorney. The Court cannot speculate on such questions and may not be consulted for legal advice.

holidays.  *Id.*  He also never was paid for overtime.  *Id.*  Miller asked management to hire help. *Id.*  They had one prospect for the position, but the position was never filled.  *Id.*

In March 2020, all HF Lenz employees began working from home because of the COVID-19 Pandemic.  *Id.* at 4-5.  Miller claims when he worked from home, he was very efficient and his mental and physical health improved while he was away from the toxic environment.  *Id.* at 5. When other workers returned to work, Miller continued to work from home.  *Id.*  On daily conference calls, Miller was harassed about choosing to work from home.  *Id.*  During this time, he was not provided with information needed to perform his work such as specific project information.  *Id.*  This information was previously provided by email, text, or telephone.  *Id.*  Also, during the time Miller teleworked, he was given short deadlines he would work frantically to meet and then later learn the deadline was fabricated.  *Id.*

Miller requested a transfer from the position of Corporate Team Supervisor multiple times and the transfer was rejected.  *Id.* at 3.  Miller took a 3-month leave under the Family Medical Leave Act and was assured by Bill Devlin[3] that the harassment would end when he returned.  *Id.* Yet when Miller returned to work Madzar publicly humiliated Miller about a court hearing that Miller had lost.  *Id.*  Miller also states that his raises and bonuses were reduced.  *Id.* at 4.

On March 3, 2022, Miller resigned from his job claiming he was constructively discharged. He states:

> I am a 58-year-old recovering alcoholic, with diagnosed severe anxiety and severe depression, PTSD (due to growing up with alcohol and drug abuse by family members, who could become abusive), stressed induced insomnia, TMJ (teeth fell out), psoriasis, headaches, GERD (rectal bleeding).  I also have cervical disc failure (need C5 and C7 replaced) and Achilles tendinosis… I was violently shaking, completely overwhelmed and simply wanted to die.  I resigned to avoid death and because there was no other reasonable option.

---

[3] Miller does not inform the Court Bill Devlin's relationship to him or the case.

ECF No. 1-5, p. 6.

Miller filed a charge of discrimination against HF Lenz Company on June 2, 2022 (ECF No. 7-1). In the filing he states the discrimination was based on disability, but the narrative states he believes he also suffered age discrimination because 97% of his team was 30 years younger than him. *Id.* The "particulars" of the filing state that in March 1991 he requested accommodations that were never addressed, but does not state his disability or what accommodations were requested. *Id.* Then on March 14, 2021, he again requested reasonable accommodations to work from home and to have an assistant help with his workload and these requests were not addressed. *Id.* Miller says he suffered an "impossible workload, harassment, bullying, gas lighting, public humiliation, zero confidentiality all combined equalling [sic] constructive termination." *Id.*

Miller files this suit under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. and under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. Miller also sues for harassment, constructive termination retaliation, public humiliation, impossible workload, and mental anguish.

## II.  Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give the defendant fair notice of what the claim is and the grounds upon which it rests.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller,

Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *see also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court should "generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), *abrogated on other grounds by Twombly,* 550 U.S. at 557, *as recognized in In re Lipitor Antitrust Litig.,* 868 F.3d 231, 249 (3d Cir. 2017).  The Court may consider facts and make inferences where it is appropriate.  At the same time, "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, No. 2:17-CV-01624, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted).  *See also Baez v. Mooney*, No. 1:20-CV-0009, 2021 WL 816013, at *3 (W.D. Pa. Feb. 8, 2021), *report and recommendation adopted*, No. 1:20-CV-9-SPB-RAL, 2021 WL 808726 (W.D. Pa. Mar. 3, 2021).

Finally, because Miller is representing himself, the allegations in the Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  If the court can reasonably read a *pro se* litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United*

*States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

### III.   Discussion

Defendants Motion to Dismiss (ECF No. 7) seeks to have Miller's Complaint dismissed first because he failed to exhaust his administrative remedies.  ECF No. 7, ¶¶ 9-14.  But in the alternative, seeks to strike the unemployment documentation (ECF No. 1-2) and the two supplements (ECF Nos. 1-5, 1-6).  The first supplement provides most of the narrative of what Miller experienced while working for HF Lenz.  The second supplement is a duplication of the filing paperwork.  HF Lenz also seeks a more definite statement about the claims and the disability accommodations which Miller claims were allegedly ignored by HF Lenz.

As an initial matter, Miller mistakenly provided a "More Definitive Statement" as his Response to the Motion to Dismiss (ECF Nos. 11, 12),[4] and subsequently provided an Addendum (ECF No. 13).  In his Statement Miller provides additional details and attachments to support his claims.  To the extent that Miller provides facts and evidence that were not provided in his Complaint, the Court will not use that information to determine the plausibility of his allegations.  As for the Addendum, which provides information about a conversation between Miller and defense counsel, this information is irrelevant to the claims made in the Complaint and it will not be considered as part of the record for purposes of this Motion to Dismiss.

When ruling on a motion to dismiss, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a

---

[4] HF Lenz moved for a more definite statement should the Motion to Dismiss be denied.  Miller's responsive "More Definitive Statement" is improper.  A motion must be ruled on by the Court and an order issued before Plaintiff files his response. The Court had not ruled on the Motion for a More Definite Statement before Miller's Response. Moreover, Miller's "More Definitive Statement" does not address HF Lenz's request for a more definite statement of the alleged accommodations he requested for his disability.

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prods. Liab. Litig.* 822 F.3d 125, 133 n.7 (3d Cir. 2016) (internal citations, quotation marks, and emphasis omitted).  When deciding a Motion to Dismiss, the Court may not, however, review documents attached to responsive pleadings to support the allegations in the Complaint.  "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 299 (2d ed.1990); *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir.1993); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir.1988)).  A party may not use a responsive pleading to amend a complaint. *See, e.g.*, *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposite to a motion to dismiss." (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984), *cert. denied,* 470 U.S. 1054 (1984)).  New information provided in the "More Definitive Statement" and Addendum fall outside the scope of pleadings considered at this stage of litigation, and thus they will not be considered by the Court now.

1.  **Failure to Exhaust**[5]

"[T]he ADA requires that a plaintiff administratively exhaust all claims before seeking relief in federal court." *Simko v. United States Steel Corp*, 992 F.3d 198, 206 (3d Cir. 2021) (citing *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001); 42 U.S.C.

---

[5] HF Lenz states it never received a copy of the EEOC charge until after the Federal Complaint was filed.  The EEOC tried to email the charge and notice to HF Lenz, but the email addresses it had on file were non-existent.  The Notice was issued three weeks after the charge was filed never affording HF Lenz an opportunity to respond.  ECF No. 8, p. 1.  While unfortunate, the communication issues between EEOC and the parties is not a matter that can be resolved by this Court as it does not relate to the claims and defenses asserted in this case.

§§ 12117(a), 2000e-5(b)). "These pre-suit requirements, which include the step of filing a charge and receiving a right-to-sue letter from the EEOC, are 'essential parts of the statutory plan, designed to correct discrimination through administrative conciliation and persuasion if possible, rather than by formal court action.'" *Id.* at 206-07 (citing *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 94 (3d Cir. 1999) ("[T]he purpose of the filing requirement is to enable the EEOC to investigate and, if cause is found, to attempt to use informal means to reach a settlement of the dispute."); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999) (noting that claims asserted under the ADA must be filed in adherence with the administrative procedures set forth in Title VII); 42 U.S.C. §§ 12117(a), 2000e-5.

HF Lenz states that Miller failed to exhaust his administrative remedies for all causes of action except the disability discrimination claim because that is the only type of discrimination listed in the Charge of Discrimination (ECF No. 7-1, p. 1). HF Lenz adds that Miller only filed charges with the EEOC for March 4, 2022, because he lists this date as the earliest and latest dates that discrimination took place. *Id.* Therefore, all other time periods and claims alleged are not administratively exhausted and must be dismissed. "The 'relevant test' for determining whether a later claim needs to be exhausted despite the filing of a previous charge is a two-pronged inquiry into whether 'the acts alleged in the subsequent ... suit are fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom.'" *Simko,* 992 F.3d at 207 (citing *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)).

The Court must take several steps to determine whether the language in Miller's EEOC charge encompasses the other claims he alleges in his civil rights Complaint. "[T]he original charge is the touchstone of our exhaustion analysis." *Simko,* 992 F.3d at 210; *see, e.g., Antol v.*

*Perry*, 82 F.3d 1291, 1296 (focusing on the "specifics of ... [the] charge" in determining whether

a new claim is encompassed by the charge).

> First, we closely examine the original charge's contents to determine the reasonable
> scope of the EEOC investigation that would likely occur. *See Robinson v. Dalton*,
> 107 F.3d 1018, 1024 (3d Cir. 1997). Second, we parse the later claim and determine
> whether its allegations would be covered in that reasonable investigation. *See Hicks
> v. ABT Associates, Inc.*, 572 F.2d 960, 966 (3d Cir. 1978). At bottom, we must
> compare the two sets of allegations and evaluate whether they are sufficiently
> related such that a reasonable investigation of the original charge would address the
> subsequent, unexhausted claims. In comparing the two sets of allegations, we look
> for factual similarities or connections between the events described in the claims,
> the actors involved, and the nature of the employer conduct at issue.

*Simko,* 992 F.3d at 210–11.

While HF Lenz is correct in its description of the Charge it fails to mention the narrative

in the Charge that provides more detail.

> I was hired on or about March 1991 as Engineer 2. My immediate Supervisor was
> Jim Sinelli (Group Supervisor). I requested a reasonable accommodation, and it
> was never addressed. 2. On or about March 14, 2021, I requested a reasonable
> accommodation due to my disability. My accommodation was to work at home or
> assist me with my workload that was never addressed. : 1. ... 'as a designer and
> progressed to' Engineer 2 around 2001. 2. ... accommodation from Jim Spinelli
> 'and two Principals being Rob Ford and Bill Bevlin' ......... addressed 'other than
> one single failed interview in about a years time [sic] from all 3. Individual
> combined.' ....... At home 'and' assist......... 'Impossible' workload, 'harassment,
> bullying gas lighting, public humiliation, zero confidentiality all combined
> equalling [sic] constructive termination' ...... also the more I think about the age
> descrimination [sic] applies also in the constructive termination.... The exact team
> I was on is about 95% 30 and younger. On or about March 4, 2022, I resigned from
> my position as an Engineer 2.3 I believe I have been discriminated against based
> on my disability in violation of The Americans with Disabilities Act of 2008, as
> amended, in that I requested a reasonable accommodation, and it was never
> addressed.

The narrative provided in the Charge provides a more expansive date range beginning on March

14, 2021. Also in the narrative, Miller makes allegations of harassment, constructive termination,

and age discrimination. The allegations in the narrative are sufficiently related to the claims in

Miller's civil rights complaint and thus serve the purpose of putting EEOC and HF Lenz on notice.

An employee has 300 days after the alleged unlawful employment practice occurred to file a complaint with the EEOC, if he initially instituted proceedings with a state or local agency such as the PHRC.  42 U.S.C. § 2000e–5(e).  If the employee files only with the EEOC, as Miller did, he must file the charge within 180 days.  *Id.*  Miller filed the EEOC charge on June 6, 2022. Counting 180 days back from the filing date, the Court determines that factual allegations from December 8, 2021, to March 4, 2022, which support Miller's claim are administratively exhausted. Any claims of discrimination that occurred before December 8, 2021, are not administratively exhausted and must be dismissed.

As stated earlier, HF Lenz asserted that all claims, except the disability discrimination claim, were not exhausted and should be dismissed.  After making this assertion it did not provide any alternative basis for dismissal of any claim except the disability discrimination claim.  The Court having found all claims were exhausted in the EEOC charge, will not dismiss any plausible claim asserted by Miller.[6]  Therefore, Miller's claims of age discrimination and constructive discharge will proceed in litigation.  The Court next addresses HF Lenz's Motion to Dismiss the claim of disability discrimination.

## 2.  Disability Discrimination

HF Lenz states that Miller failed to satisfy the elements of a disability discrimination claim and therefore the claim should be dismissed.  Miller alleges that HF Lenz discriminated against him based on his disability.  Miller alleges that his disabilities include alcoholism ("trying to maintain 16 years of sobriety (ECF No. 1, p. 4) and severe depression and anxiety.  *Id.*  Miller also states he has PTSD, insomnia, TMJ, psoriasis, headaches, GERD, and rectal bleeding.  ECF No.

---

[6] In most instances Miller did not provide exact dates of the alleged harassment.  Viewing the facts provided in the light most favorable to Plaintiff and giving special deference to Miller as a pro se plaintiff, the Court finds his claims plausible, but as later provided in the Opinion, orders Miller file an Amended Complaint with a more definite statement.

1-5, p. 6. A "qualified individual with a disability" is defined by the ADA as a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C.A. § 12111(8). A "disability" is: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1).

"To state a *prima facie* claim of disability discrimination under the ADA, Plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) he can perform essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action as a result of discrimination based on his disability." *Long v. Spalding Auto. Inc.,* 337 F. Supp. 3d 485, 490 (E.D. Pa. 2018). HF Lenz does not dispute that Miller qualifies as an individual with a disability, though it raises a vague argument that it was not informed of the disability. As to element two, Miller asserts that he was able to perform his job with and without reasonable accommodations, and that with accommodations he excelled at it. Miller claims he worked at 100% efficiency and managed all the Fire Protection Revit Design for the entire Team's workload responsibility. ECF No. 1-5, p. 5. As to element three, Miller states that he suffered adverse action from his employer when he was harassed because of his requested accommodation to work from home. Specifically, on daily team calls he was humiliated for working at home, blocked from receiving necessary information, and given fake deadlines. ECF No. 1-5, p. 5. He also was never provided with the assistance he requested for his workload. ECF no. 1-5, p. 4. Also, to support the final element of his prima facie case, Miller claims he was constructively discharged because he could no longer endure the toxic work environment. ECF Nos. 1, pp. 2,3; 1-5, p. 6; 7, p. 1.

HF Lenz asserts that Miller did not plead specific facts about notice to his employer of his disability, about being regarded as having a disability, or about requesting an accommodation from his employer. The Court disagrees. Giving the leniency afforded to a *pro se* litigant, the Court finds that Miller has pleaded facts sufficient to state a plausible claim of disability discrimination. Whether HF Lenz was aware of Miller's disability and whether they were aware he was requesting telework or assistance as an accommodation for his disability are issues of fact to be fleshed out in discovery.[7] The Motion to Dismiss Miller's disability discrimination claim will be denied.

### 3. Motion to Strike

HF Lenz has asked the Court to strike all attachments to the Complaint except for the EEOC Right to Sue Letter. The documents requested stricken are the unemployment documentation (ECF No. 1-2), and the supplemental narrative as well as the duplicative filing paperwork (ECF Nos. 1-5, 1-6). HF Lenz states that according to Rule 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." HF Lenz asserts that the 6-page supplement to the Complaint is inappropriate because it dates back for 32 years of Miller's employment and consists of impertinent, irrelevant, and scandalous material. ECF No. 8, p. 6.

The burden rests with the moving party to show that the challenged matter should be stricken. *See In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed

---

[7] "Once an employee asks for a reasonable accommodation because of a disability, the employer has an obligation to initiate an interactive process with him or her aimed at determining the disabled employee's limitations and any possible way of accommodating them.... In requesting an accommodation, an employee may use 'plain English' and need not mention the phrase 'reasonable accommodation.' All that is necessary to request a reasonable accommodation is that the disabled employee makes clear his or her want of assistance or accommodation." *Canteen Corp. v. Pennsylvania Hum. Rels. Comm'n*, 814 A.2d 805, 812–13 (Pa. Commw. Ct. 2003) (citing *Taylor v. Phoenixville Sch. Dis.*, 184 F.3d 296, 313 (3d Cir. 1999); *see also Bultemeyer v. Ft. Wayne Cmty. Schools*, 100 F.3d 1281, 1285-86 (7th Cir. 1996)).

in Rule 12(f).  "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)).  "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Wagner*, 101 F. Supp. 3d at 488 (citing *Cech v. Crescent Hills Coal Co.*, 2002 WL 31002883, No. 96–2185, at *28 (W.D.Pa.2002).  And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Wagner*, 101 F. Supp. 3d at 488 (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

The Court agrees that the Unemployment Compensation proceedings are immaterial and the outcome of the Unemployment Compensation hearing is impertinent to the issues of this civil rights case.  The standards by which an unemployment compensation case is decided are different than the issues presented in an employment discrimination case.  The Court grants the Motion to Strike as to the Unemployment Compensation paperwork filed at ECF No. 1-2.  Similarly, the Court will grant the Motion to Strike the supplement at ECF No. 1-6.  This attachment is 14 pages of instruction from the Clerk of Court, blank Court forms, and a duplicate of the Complaint form filed at ECF No. 1.  Information pertaining to filing instructions is impertinent to the civil case and the additional copy of the Complaint provides no material benefit for deciding the case.

The Court will deny HF Lenz's Motion to Strike the attachment at ECF No. 1-5.  This document contains factual allegations which are material and pertinent to the case.  Any scandalous or derogatory facts contained in the narrative are part and parcel to Miller's employment discrimination case against HF Lenz.  The Court does not find the narrative to be egregiously scandalous or exaggerated so as to warrant it be stricken.  The Court also denies HF Lenz's request to alternatively have paragraphs 11(a)-11(k) be stricken.  ECF No. 7, ¶ 25, ECF No. 7-2, pp. 1-5.

This request asks the Court to strike all but one page of the supplement and for the same reasons as specified earlier, the Court finds this measure unjustified.

### 4.   Motion for More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading[8] and must point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e)

HF Lenz asserts that the averments made by Miller lack necessary information that is needed for it to prepare a response.  More specifically it says that Miller's claims are ambiguous and vague and require further explanation.  For example, "[T]here are several pages of bullet points of grievances [in the 6-page supplement], many of which refer to people who have not been employed by Defendant for many years and are not tied to any particular claim he is attempting to raise."  ECF No. 8, p. 7.  HF Lenz also asserts that Miller failed to plead with specificity how and when Defendant was notified of the disability and when and how the request for accommodation was made.  ECF No. 7, ¶ 29.  HF Lenz requests a short and plain statement of the elements of the claim showing an entitlement to relief.

"Factors courts consider in weighing Rule 12(e) motions include: (1) whether the purportedly deficient filing provides enough information for the opposing party to conduct its own factual investigation, (2) the degree to which the moving party is able to identify the claims against it, and (3) whether there is a good-faith explanation for why certain information was excluded from the filing."  *CoorsTek Korea Ltd. v. Loomis Prod. Co.,* 586 F. Supp. 3d 331, 338 (E.D. Pa. 2022).

---

[8] The Court will allow for the Motion filed simultaneously with the responsive pleading.

Miller's Complaint and various supplements and addendums were haphazardly filed. His Complaint lacks a clear timeline and a clear indication of the individuals who took part in the harassment, the individuals who were witness to it, and their relationship to the plaintiff and defendant, and the dates when the harassment occurred. The Complaint also lacks the supporting legal elements for the claims. Finding the deficiencies in the pleading substantial enough that it leaves HF Lenz at a disadvantage to respond, the Court grants Defendant's Motion for a More Definite Statement.

The Court orders Miller file a First Amended Complaint that clearly lays out his legal claims using only facts that occurred within the statutory time frame from December 8, 2021 (180 days before the date in which he filed his EEOC charge), to March 6, 2022 (the date of his termination from employment with HF Lenz). Plaintiff is reminded that the amended complaint must be complete in all respects and must be a new pleading which stands by itself without reference to the complaint already filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements and should explain to the Court what happened by specifically describing the behavior or action and how that behavior or action — or lack of action — resulted in the alleged violations of the law. The First Amended Complaint should include information about how HF Lenz was aware of Miller's disabilities and the specifics about the request for an accommodation for the disabilities and Defendant's response to those requests. Finally, any exhibits attached to the First Amended Complaint should be supportive of the allegations within the Complaint and must be filed at the same time. The Complaint should be verified. If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this case will be subject to dismissal for his failure to prosecute.

## IV.     Amendment

Having found that Miller's Complaint fails to state a claim for allegations that rely on facts that occurred before December 8, 2021, the Court also made a determination whether further amendment of any claims against HF Lenz that occurred outside the statutory time limit would be futile.  *See Hockenberry v. SCI Cambridge Springs/Pennsylvania Dep't of Corr.*, 2019 WL 2270345, at *3 (W.D. Pa. May 28, 2019) ("The U.S. Court of Appeals for Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile"). Viewing the facts in a light most favorable to Miller, the Court finds it would be futile to allow for amendment to cure the deficiencies that caused the dismissal.  The statutory time frame in which to file an EEOC charge is steadfast, and no amendment can alter the outcome.

## V.     Conclusion

Defendant's Motion to Dismiss Miller's Complaint will be GRANTED in part and DENIED in part.  Plaintiff's unexhausted claims are dismissed and only those facts giving rise to his employment discrimination claims from December 8, 2021, through March 4, 2022, are plausible claims.

Defendant's Motion to Strike will be GRANTED in part and DENIED in part. The Court grants the Motion to Strike as to the Unemployment Compensation paperwork filed at ECF No. 1-2 and the supplement at ECF No. 1-6.  The Motion to Strike the Supplement at ECF No. 1-2 is denied.

Defendant's Motion for a More Definite Statement is GRANTED.  Miller shall file a First Amended Complaint as specified by the Court.  The First Amended Compliant shall be filed within thirty (30) days of the filing of this Memorandum and Order.

An appropriate Order will be entered.

Dated: <u>July 25, 2023</u>

_____
Stephanie L. Haines
United States District Court Judge